SPRINGFIELD INSURANCE COMPANY, Respondent

v.

EXCESS UNDERWRITERS, INC., et al., Appellants

(135 N.W.2d 722)

(File No. 10164. Opinion filed June 10, 1965)

**Hanley, Costello & Porter,** Rapid City, for defendants and appellants, Truck Insurance Exchange, a reciprocal or inter-insurance exchange, by Truck Underwriters Association, a Corporation, its Attorney-in-Fact; Excess Underwriters, Inc., a Corporation; and Dixon Bros., a Corporation.

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for plaintiff and respondent, Springfield Insurance Co.

**Molstad & Walker,** Sturgis, for defendants and respondents, Sam E. Will and Mary Ethel Will, d/b/a Eldorado Motel.

**Bangs, McCullen, Butler & Foye,** Rapid City, for defendant and respondent, Moyle Petroleum Co., a Corporation, d/b/a Sturgis Phillips "66".

HANSON, J. This action for declaratory relief was commenced by the Springfield Insurance Company, as insurer of the Moyle Petroleum Company, following a fire on July 21, 1962 at the Phillips "66" Station in Sturgis, South Dakota. At the time of the fire, Richard Johnson was the driver and in charge of a 1960 Beall tank trailer which was attached to and pulled by a 1959 Kenworth tractor. While unloading the tank trailer some gasoline spilled out causing a fire which damaged the Eldorado Motel owned by Sam and Mary Will.

The complaint, in condensed part, alleges:

## II.

That plaintiff, Springfield Insurance Company, issued and had in full force and effect on July 21, 1962 a Comprehensive Liability Policy protecting the defendant, Moyle Petroleum Company [a South Dakota Corporation] from damages which said Moyle Petroleum Company shall be legally obligated to pay because of injury to or destruction of property caused by accident and arising out of the ownership, maintenance, and use of any automobile and particularly a 1960 Beall semi-trailer.

## III.

That on July 21, 1962 defendant, Dixon Bros., a Wyoming corporation, had in force a written lease with defendant, Moyle Petroleum Company, for a 1959 Kenworth tractor, which lease provided that Dixon Bros. would cover said tractor with appropriate public liability and property damage, naming the lessee, Moyle Petroleum Company, as an additional insured.

## IV.

That plaintiff verily believes Dixon Bros. procured insurance with the defendant, Truck Insurance Exchange, providing property damage liability coverage on the 1959 Kenworth tractor and that Moyle Petroleum Company was named as an additional insured.

## V.

That defendant, Excess Underwriters Inc. of Chicago, Illinois, issued a certification of excess insurance which was attached to and made a part of the primary policy of Truck Insurance Exchange, naming the defendant Dixon as the insured and the Moyle Petroleum Company as an additional insured.

## VI.

That on July 21, 1962 the Kenworth tractor and Beall tank trailer were parked by Richard Johnson at the Sturgis Phillips "66" Station and while unloading gasoline spilled onto the ground and ignited burning property owned by Sam E. Will and Mary Ethel Will d/b/a Eldorado Motel, the extent of the damages being unknown to plaintiff.

## VII.

That Sam and Mary Will have commenced an action against the defendant, Moyle Petroleum Company d/b/a Sturgis Phillips "66", and against the defendant, Dixon Bros., to recover damages in the amount of $61,503.87 which they claim to have suffered by reason of the fire caused by the alleged negligence of the Moyle Petroleum Company by its employee.

## VIII.

That defendant Dixon Bros. and its insurers, Truck Insurance Exchange and Excess Underwriters, Inc., have wrongfully refused a tender to defend the action against the Moyle Petroleum Company.

## IX.

That plaintiff claims its policy of insurance does not apply to the fire loss of July 21, 1962 except as excess insurance or, in the alternative, as concurrent insurance.

WHEREFORE, plaintiff prays for a judgment in favor of plaintiff and against defendants declaring and determining that plaintiff Springfield's policy does not protect Moyle Petroleum Company from liability to the Wills, except in excess of the limits of liability of the Truck Insurance Exchange as increased by the certification for excess insurance of Excess Underwriters, Inc.; or, in the alternative, the court determine that the Truck Exchange policy, as increased by the excess certification, provide concurrent and co-extensive coverage for the Moyle Petroleum Company with reference to the fire loss; that Truck Exchange and Excess Underwriters have a duty to join plaintiff in Moyle's defense of the Will action, and that any judgment obtained by the Wills against the Moyle Petroleum Company be apportioned equally between the plaintiff on the one hand and Truck Insurance Exchange and Excess Underwriters, on the other, up to the limits of liability insurance available under the two policies.

The summons and complaint were served upon Truck Insurance Exchange and Excess Underwriters, Inc. by substituted service on the Secretary of State of South Dakota. Within the time for serving a responsive pleading Excess Underwriters appeared specially and moved to dismiss the action upon the grounds that there had been no valid service of process, the court lacked jurisdiction, and the complaint failed to state a cause of action upon which relief could be granted. There was no pretrial hearing on such motion and no other responsive pleading filed by Excess.

At the trial on October 14, 1963 counsel stipulated into evidence all of the pertinent policies, endorsements, certifications, and leases. The court took the case, together with all pending motions, under advisement. On November 21, 1963 judgment was entered declaring that "Defendant, Truck Insurance Exchange and its excess insurer Defendant Excess Underwriter's Inc., and Plaintiff, Springfield Insurance Company, are equally liable for the loss to or destruction of, property, if any, occurring on July 21, 1962, at or near Sturgis, South Dakota." The defendants, Dixon Bros., Truck Insurance Exchange, and Excess Underwriters, Inc. appeal.

Service of process upon the defendant, Excess Underwriters, Inc., by substituted service on the Secretary of State was made pursuant to SDC 11.2108 as amended by Chapter 27, 1961 Session Laws. The amendment commonly known as the corporate long arm statute provides:

"If a foreign corporation makes a contract with a resident of South Dakota to be performed in whole or in part by either party in South Dakota, or if such foreign corporation commits a tort in whole or in part in South Dakota against a resident of South Dakota, such acts shall be deemed to be doing business in South Dakota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the Secretary of State of the State of South Dakota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the Secretary of State shall be of the same legal force and effect as if served personally within the State of South Dakota."

Plaintiff contends that defendant, Excess Underwriters, was amenable to service of process under such statute as it was a foreign corporation and made a contract with a resident of South

Dakota to be performed in whole or in part in this state when it issued its certificate of excess insurance to, or for the benefit of, the Moyle Petroleum Company. However, the record fails to support such contention.

■ Excess Underwriters is not an insurance company. It is merely an agent or broker for insurers. As a broker for Lloyds of London it issued a so-called Certificate of Excess Insurance. This was attached to the primary Truck Insurance Exchange policy of Dixon Bros. which limited bodily and property damage liability to 10/20/5. The certificate stated it was issued to the Moyle Investment and Moyle Petroleum Co. of Rapid City "subject to all the terms, conditions and limitations of the primary policy and excess certificate(s) referred to above. It is furnished as a matter of information only and does not change, modify or extend the insurance contracts of the primary or excess insurers in any way * * *". The certificate indicated that six certificates had been issued as excess insurance to the primary policy and the combined limits of liability were 100/300/50. The named insured on the certificate was the same as the named insured on the primary policy i. e., "James H. Dixon & Jerry B. Dixon DBA, Dixon Brothers" of Newcastle, Wyoming. So far as the Moyle Investment and Oil Company was concerned the certificate of Excess Insurance was an informational statement that excess insurance had been issued on the primary policy of Dixon Bros. There was no consideration shown for its issuance and no one agreed or was obligated thereunder to do or not to do anything. As such it did not constitute a contract by a foreign corporation with a resident of South Dakota to be performed in whole or in part by either party in this state upon which substituted service of process could be founded under SDC 11.2108 as amended. Consequently, the motion to dismiss the action by the defendant, Excess Underwriters, Inc., should have been granted as the court acquired no jurisdiction over such foreign corporation by substituted service of process upon the Secretary of State.

■ The remaining question is whether or not the policy of liability insurance issued by the defendant Truck Insurance Exchange to Dixon Bros. afforded concurrent coverage for the loss

or damage resulting from the gasoline fire in Sturgis on July 21, 1962. Concurrent or double coverage results only when a particular loss is covered by more than one insurance policy. That situation does not exist here.

At the time of the fire the tank trailer was owned by the Moyle Petroleum Company and insured by the Springfield Insurance Company. The Kenworth tractor was owned by Dixon Bros., a Wyoming corporation, and was under lease to the Moyle Petroleum Company. The lease agreement provided that:

> "The Lessor agrees to furnish the vehicle described, or one of like kind, whenever required by the lessee during the term of this lease; to maintain same in good running order; to provide all gas, oil, tires, repairs and necessary accessories; to cover the tractor with appropriate public liability and property damage insurance naming the lessee as an additional insured to hold the lessee harmless from any responsibility for loss of or damage to the tractor."

In compliance with this lease agreement Dixon Bros. procured insurance with the defendant Truck Insurance Exchange which policy covered both the Kenworth tractor and the Beall semi-tank trailer. It was apparently Moyle's intention to remove the Beall trailer from the Springfield policy, but he failed to do so. Also it was the expressed intention of the parties that the Moyle Petroleum Company, as lessee of the Kenworth tractor, would be named as an additional insured under the policy to be procured by Dixon Bros. Again, there was a failure to carry out the intention of the parties as the Moyle Petroleum Company was not named as an additional insured in the Truck Exchange policy nor covered thereunder by an omnibus clause. The Truck Exchange policy specifically limited its liability to "pay all damages which the insured becomes legally obligated to pay because of * * * damage to property, arising out of the ownership, maintenance, or use of any automobile covered by this policy". The only named insured in the policy declarations was "James H. Dixon & Jerry B. Dixon, DBA, Dixon Brothers" and the

policy contained the following limited definition of the term "insured":

"(a) The term 'named insured' means the insured named in Item 1 of the Declarations and includes his spouse if a resident of the same household;

"(b) with respect to the insurance afforded by this policy under Coverages A and B, the unqualified word 'insured' includes (1) the named insured and, while residents of his household, his relatives * * * (3) with respect to the described automobile or a substitute automobile any employee of the named insured provided the actual use of the automobile is under the direction and control of the named insured and is in the course of his employment with the named insured, (4) with respect to any non-owned automobile, any other person not owning or hiring it, but legally responsible for its use by the named insured."

In addition the policy contained the following explicit exclusion:

"This policy does not apply under:

1. Any coverage except Coverage H (a) while the automobile is rented under contract or leased to others or while being used as public or livery conveyance, unless such use is specifically declared and described in this policy and premium charged therefor;

*       *       *       *       *       *

3. Coverages A, B and G,

(a) to liability assumed by the insured under any contract or agreement * * *".

The liability of Truck Insurance Exchange for loss is limited and governed by the provisions of its policy issued to Dixon Bros. as the named insured. In this particular instance its liability was not co-extensive with that of the named insured as the coverage of its policy was not broadened to include and cover the lessee of the insured. Nor was such policy so extended by operation of law or otherwise by reason of the lease agreement

between the named insured and the Moyle Petroleum Company. Consequently, the Truck Exchange policy did not afford duplicate or concurrent insurance for the loss resulting from the operation of the Kenworth tractor and Beall tank trailer while the same was leased or owned by the Moyle Petroleum Company and while under its control and management.

Reversed.

All the Judges concur.